**XIN QIU LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–5178–ag.

United States Court of Appeals, Second Circuit.

Aug. 16, 2007.

Thomas V. Massucci, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; James A. Hunolt, Assistant Director, United States Department of Justice; J. Max Weintraub, Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Xin Qiu Lin, a native and citizen of the People's Republic of China, seeks review of an October 25, 2006 order of the BIA affirming the May 2, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xin Qiu Lin,* No. A 73 049 385 (B.I.A. Oct. 25, 2006), *aff'g* No. A 73 20 049 385 (Immig. Ct. N.Y. City, May 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibili-

ty determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

First, as to Lin's claim based on his participation in the student movement in China, substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably relied on clear inconsistencies between Lin's testimony and written applications regarding matters material to Lin's claim, including his level of involvement in the student movement, the reasons for his dismissal from work, and the date of that dismissal to substantiate her decision. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

Second, as to Lin's family planning claim, substantial evidence likewise supports the IJ's adverse credibility determination. Most critically, the IJ reasonably found, on the basis of an investigative report authored by expert witness Elaine Wooton and Wooton's testimony, that Lin's marriage certificate was fraudulent. Furthermore, the IJ appropriately relied on the absence of corroboration from Lin's son to support her adverse credibility finding because this absence rendered Lin unable to rehabilitate testimony that had already been called into question. *See Xiao Ji Chen,* 471 F.3d at 341. In addition, because Lin was not otherwise credible, the IJ was not required to show that this evidence was reasonably available to Lin before relying on a lack of corroboration to support an adverse credibility finding. *Id.*

Although the IJ's decision was not without flaws, we can confidently predict that the IJ would, on the basis of her non-erroneous findings, adhere to her decision were the case to be remanded. First, the IJ erroneously stated that *Matter of O–D–,* 21 I. & N. Dec. 1079, 1083 (BIA 1998), compels an adverse credibility determination after finding a document submitted by the petitioner to be fraudulent, *see Yongo*

*v. INS,* 355 F.3d 27, 34 (1st Cir.2004) (finding that "if an [IJ] read *In re O–D–* to *require* a fact-finder automatically to discredit all of an applicant's testimony wherever a lie was told, this would be a blatant misreading of *In re O–D–,* and an irrational rule to boot"). But the IJ was entitled to draw "adverse inferences" from the submission of fraudulent documents, especially a marriage certificate that related to the crux of Lin's claim that he was married to a person who was forcibly sterilized. *See Matter of O–D–,* 22 I. & N. Dec. at 1082. This inference, combined with the inconsistent, evasive, and vague testimony identified by the IJ in her November 30, 2001, decision (issued before she ever considered the effect of the fraudulent documents) and reaffirmed in the decision under review, allow us to confidently predict that the IJ would adhere to her adverse credibility finding were the case remanded. *See Xiao Ji Chen,* 471 F.3d at 339–40.

In addition, the IJ erred in (1) relying on the omission of the alleged forced sterilization of Lin's wife from Lin's first asylum application because the BIA did not recognize the forced sterilization of a spouse as a valid ground for asylum at the time he submitted the application, *see Heui Soo Kim v. Gonzales,* 458 F.3d 40, 47 (2d Cir.2006); (2) finding Lin's testimony to be "vague" without adequately probing for detail, *see Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003); and (3) concluding that Lin's X-ray report was invalid on the basis of a consular report that did not identify the source of the information or the source's written response, *see Zhen Nan Lin v. U.S. Dep't of Justice,* 459 F.3d 255 (2d Cir.2006). Nonetheless, remand is not required here because the IJ's adverse credibility determinations were also supported by non-erroneous findings, and we can confidently predict that those non-erroneous findings

would lead the IJ to reach the same decision were the case remanded. *See Xiao Ji Chen*, 471 F.3d at 339–40.

Because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determinations in this case necessarily preclude success on his claim for withholding of deportation. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Therefore, we do not reach the remainder of the IJ's alternate burden of proof finding. Similarly, we do not reach Lin's argument that the IJ violated his procedural due process rights by excluding proffered evidence that she then relied on to deny his claims, or by relying on the consular report, when any such reliance was not dispositive.

Last, because Lin has failed to sufficiently challenge the IJ's denial of his CAT claim before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).